McGREGOR W. SCOTT
United States Attorney
E. ROBERT WRIGHT (SBN 51861)
Assistant United States Attorney
United States Courthouse
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Of Counsel:

JEFF MOULTON
Regional Attorney
MARNIE G. GANOTIS
Attorney
Office of the General Counsel
United States Department of Agriculture
33 New Montgomery Street
17th Floor
San Francisco, California 94105
Telephone: (415) 744-3011
Facsimile: (415) 744-3170

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SOUTHERN CALIFORNIA EDISON COMPANY, | |
| Defendant. | |

Plaintiff United States of America ("United States"), by and through its undersigned counsel, alleges as follows:

### JURISDICTION AND VENUE

1. This civil action arises under federal and California law, including federal and California common law, California

Health and Safety Code §§ 13007 - 13009.1; California Public Resources Code §§ 4293, 4421, and 4435; California Civil Code §§ 1714 and 3287; California Public Utilities Codes §§ 451 and 2106; California Public Utilities Commission General Order 95, Rules 12.2, 31.1, 31.2, 35, 44.1, 44.2, and Appendix E; Title 36 Code of Federal Regulations §§ 261.5(c) and 261.10; Title 14 California Code of Regulations § 1256; and 31 U.S.C. §§ 3711 and 3717, for monetary damages incurred by the United States in connection with the "Birch Fire," which ignited on or about July 1, 2002, on National Forest System lands on the Inyo National Forest, Mono County, California. The Forest Service named this fire the "Birch Fire" based on its proximity to Birch Creek.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), because the acts, omissions, and violations alleged herein occurred in Mono County, which is within the Eastern District of California.

## PARTIES

4. Plaintiff United States, as sovereign, owns National Forest System lands in Mono County which are under the supervision, control, administration, and protection of the United States Department of Agriculture, Forest Service ("Forest Service"), an agency and instrumentality of the United States.

5. Defendant Southern California Edison Company ("SCE") is, and was at all times material to this civil action, a corporation doing business in the state of California and within the District. SCE operates electric power lines and other

electric power facilities in the Inyo National Forest within the Eastern District of California.

## GENERAL ALLEGATIONS

6. On the morning of July 1, 2002, the Birch Fire ignited on National Forest System lands, near Birch Creek and the Swall Meadows subdivision about 15 miles north of Bishop, adjacent to or under a 12,000 volt (12kV) SCE power distribution line ("power lines") within the Inyo National Forest. The Birch Fire ignited on or adjacent to lands under the management and control of SCE.

7. The Birch Fire ignited as a result of SCE's negligent failure to adequately inspect and maintain the power lines and negligent failure to adequately clear trees and branches in the area of the power lines as well as vegetation and debris from the area at the base of power line pole number 3454 68-S ("power pole").

8. The Birch Fire ignited when there was an electrical event at or near broken hardware including an insulator at the power pole, resulting in sparks, embers, and/or molten metal falling on vegetation on the ground near that pole, and igniting the Birch Fire. SCE negligently failed to replace or repair the broken hardware. SCE also negligently failed to trim or remove trees that had grown into the power lines within several spans of the power pole. The Birch Fire ignited because of the negligent failure of SCE to repair or replace the broken hardware and because of the negligent failure of SCE to trim or remove the trees that had grown into the power lines.

9. Defendant SCE had nondelegable statutory and regulatory duties to properly inspect and maintain the areas through which

its power lines passed to make sure they were safe and clear from dangerous conditions. Specific nondelegable duties of SCE included the requirement to maintain at least four feet of clearance between the power lines and surrounding vegetation as well as to maintain and frequently and thoroughly inspect the power lines and hardware. SCE failed to maintain at least four feet of clearance between the power lines and surrounding vegetation, and failed to maintain and frequently and thoroughly inspect the power lines and hardware.

10. The ignition of the Birch Fire was an incident of a kind that ordinarily does not occur in the absence of someone's negligence; it was caused by activity within the exclusive control of Defendant; and it was not due to any act on the part of Plaintiff. Therefore, Res Ipsa Loquitur applies in this case.

11. The fire spread to and damaged over 2,600 acres of National Forest System lands before it could be suppressed. After learning of the Birch Fire caused by SCE, the Forest Service suppressed the fire at substantial cost to the United States.

12. The damages to the United States include, but are not limited to, the costs of fire suppression; the cost and future costs of mitigation, rehabilitation, and reforestation of the burned areas; loss of timber, habitat, wildlife, watershed and earth protection, scenic and environmental values, facilities, structures, fees, camp sites, recreational facilities, and roads and trails. The amount of these damages will be proved at trial.

13. The United States has made demands on Defendant for payment of the costs and damages incurred by the United States

due to the Birch Fire. SCE has not paid any part of the sums demanded by the United States.

14. The United States and Defendant entered into a written agreement effective May 15, 2008, tolling the statute of limitations for the United States' civil claims arising out of the Birch Fire to and including December 15, 2008.

## SCE SPECIAL USE PERMIT

15. On or about August 25, 1999, the United States through the Forest Service issued a Special Use Permit ("permit"), also defined as a "license" in the permit, to SCE for the purpose of operating and maintaining existing kV transmission lines consisting of various voltages below 33 kV. This permit is in effect until December 31, 2019. The permit covers approximately 47.74 non-contiguous acres, and/or 32.82 miles (a 12-foot wide right-of-way), described as "the White Mountain Distribution Area." The permit was accepted by SCE subject to all of its conditions. A true and correct copy of the permit, not including exhibits, is annexed hereto as Exhibit 1.

16. At all times material to this action, the subject power lines were licensed under the permit.

17. At all times material to this action, the permit and its terms and conditions were and are authorized and required by law, including 43 U.S.C. §§ 1761 and 1765 and 36 C.F.R. §§ 251.53 and 251.56.

18. Under the permit terms and conditions, SCE is required to trim all branches of trees in contact with or near the power lines. The permit provides (VII, J, p. 5) that SCE:

///

> ... shall clear designated parts of the powerline right-of-way and keep them clear as required by the Forest Service; shall trim all branches of tree in contact with or near the line; shall remove all dead snags and all trees which are leaning toward the line on or adjacent to the right-of-way; and shall observe such other fire precautions as may be required....

19. The permit terms and conditions (IV, C, p. 3) provide that SCE, the "holder," "has an affirmative duty to protect from damage the land, property, and interests of the United States."

20. The permit terms and conditions (III, C, p. 2) require SCE to "maintain the improvements and permit area to standards of repair, orderliness, neatness, sanitation, and safety acceptable to the authorized officer and consistent with other provisions of this authorization."

21. The permit terms and conditions (III, D, p. 2) require that SCE "has a continuing responsibility to identify all hazardous conditions on the permit area which would affect the improvements, resources, or pose a risk of injury to individuals."

22. Under the permit terms and conditions (III, A, p. 2), SCE is required to:

> comply with all applicable Federal, State, and local laws, regulations, and standards. . . as well as public health and safety laws and other laws relating to the siting, construction, operation, and maintenance of any facility, improvement, or equipment on the property.

23. The permit terms and conditions (IV, B, p. 3) create a right of indemnity for the United States. Article IV, entitled "Liability," provides in section B that:

///

> The holder's indemnification of the United States shall include any loss by personal injury, loss of life or damage to property in connection with the occupancy or use of the property during the term of this permit. Indemnification shall include, but is not limited to, the value of resources damaged or destroyed; the cost of restoration, cleanup, or other mitigation; fire suppression or other types of abatement costs; third party claims and judgments; and all administrative, interest, and other legal costs. This paragraph shall survive the termination or revocation of this authorization, regardless of cause.

24. Under the permit, SCE is strictly liable to the United States for any injury, loss, or damage, up to the amount of $1 million. Liability for other damages in excess of that amount shall be determined under the law of negligence. These terms and conditions pertaining to strict liability and negligence are authorized by law, including 43 U.S.C. § 1764(h)(1) and (2) and 36 C.F.R. § 251.56(d)(1) and (2). The permit provides (IV, C(2), p. 3) that:

> The holder shall be strictly liable (liability without proof of negligence) to the United States for any injury, loss, or damage arising under this authorization. Such strict liability shall be in the amount of $1 million.... Liability for injury, loss, or damage to the United States in excess of the prescribed amount of strict liability shall be determined under the general law of negligence.

25. Causing timber, trees, brush, or grass to burn except as authorized by permit is prohibited by law including 36 C.F.R. § 261.5(c) and California Public Resources Code § 4421. Ignition of the Birch Fire was not authorized by permit.

26. Under the permit (IV, D, p. 3), the United States may also recover costs and expenses in this action including damages, costs, interest, and attorney's fees. The permit provides:

///

7
COMPLAINT; DEMAND FOR JURY TRIAL

> If the Forest Service at any time pays any sum of money or does any act which will require payment of money, or incurs any expense, including reasonable attorney's fees, in instituting, prosecuting, and/or defending any action or proceeding to enforce the United States rights hereunder, the sum or sums so paid by the United States, with all interests, costs and damages shall, at the election of the Forest Service, be deemed to be additional fees hereunder and shall be due from the holder to the Forest Service on the first day of the month following such election.

<u>FIRST CLAIM FOR RELIEF</u>

(Cal. Public Resources Code § 4435)

27. The United States re-alleges paragraphs 1 through 26, inclusive, as though fully and completely set forth here.

28. The SCE power lines are a "device which may kindle a fire" within the meaning of Cal. Pub. Res. Code § 4435.

29. Pursuant to California Public Resources Code § 4435, SCE's ignition of the Birch Fire is prima facie evidence of SCE's negligence in the maintenance, operation, and use of its power lines. SCE's negligence was a proximate cause of the damages sustained by the United States as a result of the Birch Fire.

30. As a result of SCE's negligence, the United States incurred damages in an amount to be proved at trial.

<u>SECOND CLAIM FOR RELIEF</u>

(Strict Liability Under Special Use Permit)

31. The United States re-alleges paragraphs 1 through 30, as though fully and completely set forth here.

32. SCE is strictly liable to the United States under Article IV, Section C(2) of the permit, without proof of negligence, for any injury, loss, or damage up to the amount of one million dollars.

## THIRD CLAIM FOR RELIEF

(Indemnity Under Special Use Permit)

33. The United States re-alleges paragraphs 1 through 32, as though fully and completely set forth here.

34. Under the right to indemnity created by the permit, Article IV, Section B, SCE is liable for costs of fire suppression, costs of restoration, cleanup, other mitigation, the value of resources damaged or destroyed, and all administrative, interest, and other legal costs, in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

(Violations of Special Use Permit)

35. The United States re-alleges paragraphs 1 through 34, as though fully and completely set forth here.

36. Title 36 of Code of Federal Regulation § 261.10 prohibits the violation of any term or condition of a special-use authorization, contract or approved operating plan.

37. SCE violated the obligations assumed in the Special Use Permit in that:

    A. SCE violated permit Article III, Section A by failing to comply with the laws of the State of California concerning clearance of vegetation;

    B. SCE violated permit Article III, Section C by failing to properly maintain the power lines;

    C. SCE violated permit Article III, Section D by failing to identify and abate a hazardous condition on the permit area which would affect the improvements, resources, or pose a risk of

injury to individuals;

    D.    SCE violated permit Article VII, Section J, by failing to trim all branches of trees in contact with or near the power lines.

38. As a result of these violations, the United States has incurred suppression costs and damages in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

(Negligence under Special Use Permit,
Cal. Civ. Code § 1714)

39. The United States re-alleges paragraphs 1 through 38, as though fully and completely set forth here.

40. SCE is responsible for all costs and damages caused by its own negligence, under the permit, Article IV, Section C(2), common law, and California Civil Code section 1714.

41. SCE was negligent in causing the Birch Fire, including but not limited to, failure to maintain and repair the power lines, poles, hardware, insulators, and failure to keep the area around the power lines and power poles free of vegetation including tree branches.

42. SCE's negligence was the proximate cause of the Birch Fire.

43. As a result of SCE's negligence, the United States incurred damages in an amount to be proved at trial.

## SIXTH CLAIM FOR RELIEF

(Liability Under Cal. Heath & Safety Code
§§ 13007, 13008, 13009, and 13009.1;
California Public Utilities Code § 2106; and
California Civil Code § 3287)

44. The United States re-alleges paragraphs 1 through 43, as though fully and completely set forth here.

45. On or about July 1, 2002, SCE negligently, and/or in violation of law, ignited the Birch Fire, thereby setting fire to or allowing a fire to be set to National Forest System lands within the Inyo National Forest.

46. The Birch Fire destroyed property of the United States and caused the United States to incur fire suppression costs. SCE is liable for all damages to the United States resulting from the Birch Fire, including without limitation the United States' fire suppression costs, damages for injury to federal property, and the United States' administrative, investigative, accounting, interest, and collection costs, under California Health & Safety Code §§ 13007, 13008, 13009, and 13009.1, California Civil Code § 3287, and California Public Utilities Code § 2106, in an amount to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

(Negligence and Negligence Per Se under
Cal. Pub. Res. Code § 4293;
Cal. Pub. Util. Code §§ 451;
Cal Pub. Util. Comm. Gen. Order No. 95,
Rules 12.2, 31.1, 31.2, 35, 44.1, and 44.2; and
14 C.C.R. § 1256)

47. The United States re-alleges paragraphs 1 through 46, as though fully and completely set forth here.

48. SCE acted negligently, and also in violation of law, specifically in violation of California Public Resources Code § 4293, California Public Utility Commission General Order No. 95, Rule 35, and Title 14 California Code of Regulations § 1256, because it failed to maintain a clearance of at least four feet

between its power lines and the surrounding vegetation.

49. SCE acted negligently, and also in violation of law, specifically in violation of Public Utilities Commission General Order 95, Rules 12.2, 31.1, 44.1, and 44.2, and California Public Utilities Code § 451, which requires that electrical supply systems be maintained to enable the furnishing of safe, proper, and adequate service, and Public Utilities Commission General Order 95, Rule 31.2 which requires the frequent and thorough inspection of lines to ensure good condition.

51. The Defendant's negligent acts, omissions, and violations of law caused the Birch Fire to ignite and proximately caused the damages sustained by the United States.

52. Plaintiff's damages resulted from an occurrence of the nature which the statutes and regulations were designed to prevent.

53. The United States is one of the classes of persons or entities for whose protection the statutes and regulations were adopted.

54. As a result of SCE's negligence, the United States incurred damages in an amount to be proved at trial.

### EIGHTH CLAIM FOR RELIEF
(Trespass by Fire)

55. The United States re-alleges paragraphs 1 through 54, as though fully and completely set forth here.

56. SCE negligently, and/or in violation of law, allowed a fire ignited by it to escape to the surrounding National Forest System lands within the Inyo National Forest.

57. As a result of SCE's trespass by fire upon the

COMPLAINT; DEMAND FOR JURY TRIAL

surrounding National Forest System lands within the Inyo National Forest, the United States has incurred damages in an amount to be proved at trial.

## NINTH CLAIM FOR RELIEF

(Interest and Penalties under
31 U.S.C. § 3717)

58. The United States re-alleges paragraphs 1 through 57, as though fully and completely set forth here.

59. The United States is entitled to recover interest and penalties under federal law, including without limitation, the Federal Debt Collection Act, 31 U.S.C. § 3717.

WHEREFORE, the United States prays for judgment against Defendant SCE as follows:

1. For payment of fire suppression costs and resource damages arising from the Birch Fire including, but not limited to, the costs of fire suppression, the costs of rehabilitation and restoration of the burned areas, loss of timber, loss of habitat and environmental values, and loss of structures, camp sites, and roads and trails, plus interest and penalties, in an amount to be determined at trial;

2. For recovery of the United States' investigative, accounting, collection and administrative costs arising from the Birch Fire;

3. For other costs and fees including attorney's fees; and

4. For such other and further relief as the Court deems just and proper, together with interest, costs, and disbursements in this action.

```
                                        Respectfully submitted,

Dated: December 8, 2008.                McGREGOR W. SCOTT
                                        United States Attorney


                                 By:    /s/ E. Robert Wright
                                        E. ROBERT WRIGHT
                                        Assistant U.S. Attorney

                                        Attorneys for Plaintiff
                                        United States of America
```

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this matter be tried before a jury.

```
                                        Respectfully submitted,

Dated: December 8, 2008.                McGREGOR W. SCOTT
                                        United States Attorney


                                 By:    /s/ E. Robert Wright
                                        E. ROBERT WRIGHT
                                        Assistant U.S. Attorney

                                        Attorneys for Plaintiff
                                        United States of America
```