Friedrich W. Seitz   (SBN 51536)
Gina E. Och        (SBN 1520720)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, California 90017-4613
Telephone:   (213) 623-7400
Facsimile:    (213) 623-6336
E-Mail:        fseitz@murchisonlaw.com
                    goch@murchisonlaw.com

Attorneys for Defendant, SOUTHERN CALIFORNIA EDISON COMPANY

LAWRENCE G. BROWN
**Acting United States Attorney**
E. ROBERT WRIGHT (SBN 51861)
**Assistant United States Attorney**
United States Courthouse
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Of Counsel:
Jeff Moulton, Regional Attorney
Marnie G. Ganotis, Attorney
**OFFICE OF THE GENERAL COUNSEL**
United States Department of Agriculture
33 New Montgomery Street, 17th Floor
San Francisco, California 94105
Telephone:  (415) 744-3011
Facsimile:   (415) 744-3170

Attorneys for Plaintiff.
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:08-CV-02984-MCE-DAD |
|---|---|
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | Assigned to: Hon. Morrison C. England, Jr.<br>Courtroom: 7, 14th Floor, Sacramento |
| Defendant. | |

Pursuant to this Court's Order requiring Joint Status Report, the parties submit the following report:

**(a) Brief Summary of the claims:**

Plaintiff alleges that the defendant negligently caused the "Birch Fire" which ignited on July 1, 2002, on or adjacent to lands under the management and control of defendant, and as a result of defendant's conduct. The fire ignited as a result of the defendant's failure to adequately inspect and maintain its power lines and failure to adequately clear trees and branches in the area of the power lines. The fire burned about 2,600 acres of National Forest System lands before it could be suppressed. The fire ignited within the Inyo National Forest about 15 miles north of Bishop in Mono County. The fire caused about $4 million in damages and suppression costs, including interest. This action is brought under both federal and California law, including California Health and Safety Code sections 13007-13009.1.

Pursuant to a Stipulation to stay action and extend time to respond to complaint and file joint status report, and Order thereon (February 23, 2009, Doc. 9), a Joint Status Report has not been filed prior to this time. Settlement of this action was not accomplished. Pursuant to the terms of the Stay Order, the Stipulation terminated automatically on June 20, 2009, and this Joint Status Report is required by July 30, 2009. (Stipulation for Order, par. 4, p.2.)

The Order also required defendant to file its response to the Complaint by July 10, 2009. Defendant has not done so as of July 29, 2009.

**Edison's Position:**

A wildland fire known as the "Birch Fire" occurred on or about July 1, 2002, on or about the National Forest System Lands in the Inyo National Forest, Mono County, California.

Edison denies it is liable in this action for damages or costs arising out of the Birch Fire, and further denies liability under various statutes or regulations including, but not limited to, Public Resource Code §§ 4293, 4421, and 4435.

Edison's counsel mistakenly calendared the due date for the response to the Complaint for July 30, 2009, which was further compounded by Edison's involvement in

what it believed was ongoing settlement discussions with Plaintiff. In fact, Edison has made a counter-settlement offer to the Plaintiff, which is still pending. Nevertheless, as of the date of filing this Joint Status Report, Edison will have filed its Answer to Complaint.

**(b) Status of service upon all defendants:**

The defendant was served with the summons and complaint. The defendant has not answered the complaint as of July 29, 2009.

**Edison's Position:**

Edison's counsel mistakenly calendared the due date for the response to the Complaint for July 30, 2009, which was further compounded by Edison's involvement in what it believed was ongoing settlement discussions with Plaintiff. In fact, Edison has made a counter-settlement offer to the Plaintiff, which is still pending. Nevertheless, as of the date of filing this Joint Status Report, Edison will have filed its Answer to Complaint. Edison has also discussed this situation with Plaintiff.

**(c) Possible joinder of additional parties:**

None anticipated at this time.

**(d) Contemplated amendments to the pleadings:**

Plaintiff requests that the Court order the complaint to be deemed to be amended to add California Civil Code section 3288 to the other statutes under which pre-judgment interest is sought, in paragraph 46, page 11, of the complaint. The complaint already seeks pre-judgment interest under other California and federal statutes. In the alternative, plaintiff will move to amend the complaint in that regard. No other amendments are anticipated at this time.

Edison does not oppose this amendment.

//

**Edison's Position:**

If Plaintiff is allowed to amend its Complaint either by way of motion or by *sua sponte* order of this Court, then Edison requests the Court grant leave to Edison to amend its Answer to Complaint, which Edison will have filed.

Plaintiff does not oppose the Answer being deemed to deny the allegation under Civil Code § 3388.

**(e)    Statutory basis for jurisdiction and venue:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(e).

**(f)    Anticipated discovery and the scheduling of discovery, including, in the event default of defendant is not entered or is set aside:**

> **(1)    What changes, if any, should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

Initial disclosures in accordance with Federal Rule of Federal Procedure 26(a) will be made by both plaintiff and defendant within 30 days after defendant files its answer.

> **(2)    The subjects on which discovery may be needed; when discovery should be completed; and whether discovery should be conducted in phases;**

Plaintiff intends to conduct discovery on the actions of defendant's employees concerning the events of July 1, 2002, and concerning defendant's policies, rules and procedures concerning power line repairs, vegetation management, fire prevention and notification.

A proposed pretrial schedule is set forth below, and both parties propose that non-expert discovery be concluded by April 2, 2010 and expert discovery be concluded by June 4, 2010.

**Edison's Position:**

Edison anticipates discovery will cover areas such as Plaintiff's policies, rules and procedures concerning fire suppression, fire prevention and notification, and damages. Edison further anticipates that there will be several inspections of the subject area(s), as well as any evidence in the possession of the Plaintiff. Moreover, Edison anticipates serving written discovery, including Interrogatories, Requests for Production of Documents, Requests for Admissions, and subpoenas *duces tecum*, as well as seeking disclosure of electronic data from the United States. Finally, Edison anticipates conducting numerous depositions of the parties, third party witnesses, and expert witnesses.

**(3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

Plaintiff requests that the scheduling order allow depositions of all designated expert witnesses, without regard to the 10-deposition limit, because the number of expert witnesses is currently unknown.

**Edison's Position:**

Edison joins in Plaintiff's request, and further proposes that, although not certain at this point, written discovery may exceed what is statutorily permitted.

**(4) The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

Both parties propose that the parties disclose their experts and reports by April 9, 2010 and rebuttal experts be disclosed by April 30, 2010.

**(5)   Proposed dates for discovery cut-off;**

Both parties propose that lay/percipient discovery be concluded by April 2, 2010 and expert discovery be concluded by June 4, 2010.

**(g)   Proposed date by which all non-discovery motions shall be filed;**

None anticipated at this time by Plaintiff. Edison anticipates that it will file at least a Motion for Summary Adjudication.

Both parties propose that all dispositive motions be filed by July 9, 2010.

**(h)   Proposed dates for a final pretrial conference, trial;**

Both parties propose that final pretrial conference be set for on or after September 20, 2010 and that the trial be set for on or after November 29, 2010.

**(i)   Estimate of days of trial, and whether any party has demanded a jury;**

Both parties estimate a 12 to 15 court-day trial. Both requested a jury trial.

**(j)   Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge;**

Not applicable at this time.

**(k)   Proposed modification of standard pretrial procedures due to the special nature of the case;**

Not applicable at this time.

**(l)   Whether the case is related to any other case, including any matter involving bankruptcy;**

Neither party is aware of any related cases.

//

**(m) Prospects for settlement, including whether a settlement conference should be scheduled;**

Plaintiff does not request that a settlement conference be scheduled at this time.

**Edison's Position:**

The reason for the Stipulation and Order was to allow the parties to enter into settlement discussions and early mediation. The parties have indeed engaged in settlement discussions. In fact, as requested by Plaintiff, Edison transmitted its counter-settlement offer to Plaintiff in writing, on July 16, 2009. Unfortunately, this settlement offer was sent to the wrong address; thus, Edison resubmitted its offer on July 28, 2009. This matter has not, to date, been settled, and the outstanding offer will not be accepted by Plaintiff.

Edison believes there continues to be a prospect for settlement and is still willing to enter into formal mediation with a private mediator, if needed.

**(n) Any other matters that may be conductive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge:**

Both parties request that a judge other than the trial judge act as settlement judge.

**Edison's Position:**

Edison contends its late Answer was based on the attorney mistake, particularly while the parties were and are still engaged in settlement discussions. Plaintiff is seeking a substantial amount of monies from Edison; thus, the parties' time and resources are better spent in trying to settle the matter before any further costs are incurred, or in trying the case on its merits, if needed.

//
//
//
//

**Signatures:**

DATED: July 30, 2009.　　**MURCHISON & CUMMING, LLP**

　　　　　　　　　　　　　By: s/ Gina E. Och
　　　　　　　　　　　　　　　Friedrich W. Seitz
　　　　　　　　　　　　　　　Gina E. Och
　　　　　　　　　　　　　　　Attorneys for Defendant,
　　　　　　　　　　　　　　　SOUTHERN CALIFORNIA
　　　　　　　　　　　　　　　EDISON COMPANY

DATED: July 30, 2009.　　**LAWRENCE G. BROWN**
　　　　　　　　　　　　　**UNITED STATES ATTORNEY**

　　　　　　　　　　　　　By: s/ E. Robert Wright
　　　　　　　　　　　　　　　E. ROBERT WRIGHT
　　　　　　　　　　　　　　　Assistant U.S. Attorney
　　　　　　　　　　　　　　　Attorney for Plaintiff,
　　　　　　　　　　　　　　　UNITED STATES OF
　　　　　　　　　　　　　　　AMERICA

FWS\27785\PLD\JOINT STATUS REPORT-07309-GEO